The United States Court of Appeals for the Federal Circuit is now open and in session. God save the United States and its honorable court. Our first case for argument today is 2019-2415 West v. United States. Mr. Brown, please proceed. Thank you, Your Honor. May it please the court. This is an appeal of the trial proceeding U.S.C. section 1491 based on wrongful deprivation of military pay and wrongful discharge of plaintiffs from the United States Marine Corps. This wrongful discharge claim is predicated on the collateral review of a June 9th, 2017 decision by the Navy Judge Advocate General's Office to affirm plaintiff's general court martial conviction and to decline to refer plaintiff's general court martial conviction for further appellate review under Article 69D of the UCMJ. In the suit below, plaintiff has asserted improper bias to the NCIS investigation, which involved evidence of coercion of witnesses, bias and legal error on the part of the military judge, and bias and legal error on the part of the Navy Judge Advocate General's Office in conducting its review under Article 69 of the UCMJ. In addition to dismissing the plaintiff's claims by granting a administrative record, trial court also granted defense motion for summary judgment applying the doctrine of issue preclusion based on a failed Westfall Act certification challenge by plaintiff in a related suit in the Eastern District of Louisiana. Mr. Brown, this is Judge Toronto. What's the relationship between those two pieces of your appeal, namely the collateral challenge to the court martial proceeding and the summary judgment based on issue preclusion based on, I guess, the proceedings in the Eastern District of Louisiana? That's a great question, Your Honor. I would tell you that I think the relationship is tenuous. That being said, I had to challenge it because I, you know, for going forward, I didn't feel like I could have a ruling by a court in good standing that says that I'm precluded from challenging whether or not the allegations against my client are false. So I had to challenge that. Again, I think it does spill over into some of the elements of the claim with respect to whether or not the allegations are, quote, fundamentally flawed as required under the Matias standard. So the relationship would be, well, if the allegations weren't false and you're precluded from asserting that the allegations are false and therefore, by extension, you can't necessarily argue that the proceedings were unfair under the Matias bowling standard. Continuing on, the trial court also denied a plaintiff's motion for relief from a protective order prohibiting publishing of the identities of the accusers in the record of the proceedings. Plaintiff hearing raises four issues. Trial court erred in not applying the general agency review principles in reviewing and affirming the decision of the Navy Judge Advocate General's Office to affirm plaintiff's general court martial conviction and not to refer that determination to the Navy Marine Corps Court of Criminal Appeals for further appellate review. This is Judge Duranto again. Do I understand that our predecessor court's decision in flute did apply the quite strict Matias-Augenlich standard to a Article 69 military proceeding, not a court of criminal appeals proceeding? I believe that is correct. I think Augenblich does reference that, Your Honor. I will preface that with two points. Having researched this, and even throughout the preparing of this appeal, because I know that courts in general are loathe to overturn a decision in the military sphere, and that includes a decision under Article 69 by the Navy Service Judge Advocate General's Office. I will say that I think there is a distinction here, and I'm leaning more towards the ... Let me back up. There's two decisions here made by the Judge Advocate General's Office that are in play. One is the decision to affirm the conviction. The second decision is not to refer that authority under Article 69D to the military tribunals. With respect to the first decision, I've got a problem with the flute case. I would argue for purposes of flute, I don't know if that case has really dived into the issues with respect to the statutory interplay between Article 76, which the Augenblich Matias standard is based on, and Article 69D-2, which I think is a material exception to the Article 76 finality rule. I'll get to that in a minute, but I guess the short answer to your question is, Judge, yes and no. I definitely have a issue of affirming the conviction, but I think with respect to the second issue, and that is whether or not the referral was proper, or they should have referred it to the military courts, I think flute is distinguishable. I think that this court and the lower court should have acted, again, to find that the Navy Judge Advocate General's Office abused its ... Well, acted arbitrarily and capriciously and contrary to law. I think that is the proper standard, and not the Matias standard, certainly for the second issue as to whether or not they should have referred the case to the Service Courts of Appeal for further appellate review. The second issue was that even applying the standard of Matias versus U.S. and Bolling versus U.S., the trial court still erred in affirming the decision of the Judge Advocate General's Office. The third issue, as discussed, was that the trial court erred that the holding barred the plaintiff from asserting allegations against him were false under the doctrine of issue preclusion based upon the failed Westfall Act certification challenge in the Eastern District of Louisiana. The fourth is that the trial court erred in holding that disclosure of the identities of the plaintiff's accusers in the record of these proceedings was prohibited under the Privacy Act. Regarding the first issue, the trial court erred in not remanding this case to the Navy Judge Advocate General's Office with orders to refer the case for further appellate review pursuant to its authority under Article 69D of the UCMJ. First and foremost, the case of Ritchie versus U.S. provides that a trial court's remand of an agency's decision is prosper under 1491A2 provided that the trial court's order is within the statutory scheme of permissible action under that agency. In this case, the Judge Advocate General's Office has the specific authority under Article 69D to refer a general court marshal to the Navy Marine Corps Court of Criminal Appeals for further appellate review and can specifically refer its own actions to include its decision affirming for further review under Article 69D2. Second, the standard for remand is not set by the strict standard of Matias Bolling, but established by the general standard of review for agency decisions. As mentioned before, Matias and Bolling are based on the Supreme Court case of U.S. v. Augenblick, which provides that the strict standard for collateral review of a general court marshal was predicated upon a finality provision of U.C.M.J. Article 76. U.C.M.J. Article 76 does not apply as a matter of statutory construction because Article 69D2 provides that the Navy Judge Advocate General's Office can refer its own decision for review, and that includes its own decision to affirm a conviction. Because it can do that, Article 69D2 stands as a specific statutory exception to the finality provision of Article 76. Third, applying these general agency standards of review, the June 9, 2017 decision of the Navy Marine Corps Judge Advocate's Office was arbitrary, capricious, and contrary to law. The plaintiff has explained these several examples in brief, but I want to focus on the most prominent one, being the Judge Advocate General's Office affirming of the military judge's denial of plaintiff's motion to dismiss for undue command influence, or as I'll refer to it as UCI. In that motion, the military judge essentially invented out of thin air an overly restrictive legal standard that is not consistent with military jurisprudence as relied on in the cases of U.S. v. Lewis, U.S. v. Sawyer, U.S. v. Boyce, and U.S. v. Barrett. While there have been recent structural changes in the UCI standard, these cases have consistently applied a general disinterested observer standard that is completely at odds with the military judge's standards was as applied in this case. The military judge's standard appears nowhere in military jurisprudence. As such, at this time, I have remanded this case back to the Navy Judge Advocate General's Office under section 1491A2 with an order to refer the case for further appellate review, and it erred in simply dismissing plaintiff's Tucker Act claim. With that, plaintiff submits the remaining issues on the brief and reserves the balance of time for rebuttal. Thank you. Thank you, Mr. Brown. Let's hear from Mr. Rayl. Thank you, Your Honor. May it please the court. Mr. West has brought a The court's federal claim has properly rejected Mr. West's collateral attack on his court-martial, recognizing the narrow standard of review and finding nothing so fundamentally unfair about Mr. West's court-martial proceedings as to impair due process. Accordingly, the trial court's judgment should be affirmed. First, the trial court correctly used the standard of review for collateral attacks on court-martial proceedings dictated by the Supreme Court's decision in Augenblick and this court's decision in Matias and Bowling. Mr. Rayl, this is Judge Taranto. Is it your position that that standard applies to both the court-martial conclusion and the referral decision? I think, as I understood, Mr. Brown, he was seeking to separate those two things and at least the second, the deferral, the referral matter is at least addressed in a little subheading, single paragraph of the CFC decision. Does the Augenblick standard apply to the referral, too? Well, yes. It's part and parcel of the court-martial conviction. I mean, Mr. West, the reason, as I understand it, Mr. West thinks that this ought to be referred is because there were errors in the court-martial conviction. So, I mean, he's still collateral, even by, he can't recast the challenge as a challenge to the discretionary determination of the Judge Advocate General not to refer the case to the Court of Criminal Appeals. He's still challenging that court-martial conviction itself. So, there's no distinction. So, as I understand it, Mr. West concedes that the Augenblick standard, the Matias and Bowling standard would apply to the court-martial conviction itself. It would have to apply to the decision not to refer to the Court of Criminal Appeals. And really, I mean, it's unclear how the court could order a remand to the Court of Criminal Appeals because there's no, there's nothing compelling the Judge Advocate General to submit a case to the Court of Criminal Appeals. There's no test or standards within Article 69 saying here's when you would need to refer something to the Court of Criminal Appeals. So, I mean, it's a wholly discretionary decision by the Judge Advocate General in that case. Can you give me your answer to the question? I tried to ask Mr. Brown about the relationship between the collateral attack on the court-martial and the UL summary judgment on the claim that various accusers gave false testimony. Yes, Your Honor. The trial court itself recognized that that issue was not this positive. So, I agree with Mr. West that there's a tenuous connection between the collateral estoppel and what is the ultimate reason for entitlement. Would it be right to say that that particular ruling of the Court of Federal Claims was not essential to the judgment? Yes, that's correct. I mean, the issue here is whether Mr. West has demonstrated that his proceedings were so deprived of fundamental fairness as to impair due process and the court made that determination based on the administrative record. So, for that reason alone, the Turning briefly to the other issue that Mr. West raised in his opening, which is that question of the unlawful command influence and the supposed West standard that was created by the trial court, or excuse me, the military judge. The military judge applied the correct legal standard in finding no unlawful command influence. She expressly stated that she was applying the standard from the Court of Appeals for the Armed Forces in the Gage case and expressly stated that she considered the standards for both actual UCI and apparent UCI. The applicable case law cited by both parties, such as the Saylor case, requires a criminal defendant to show some evidence of actual apparent unlawful command influence and it has to be more than mere speculation or command influence in the air. And in this case, Mr. West simply didn't meet that burden. That was the decision of the court. You presented the court with no evidence that anybody is trying to influence the outcome of this court martial. So, Mr. West raised this issue to the convening authority, raised the issue to the Office of the Judge Advocate General, and within the military justice system, it was determined that this was not an issue. So, Mr. West has had his full and fair consideration in the military justice system and this is not a basis for a collateral attack on a court martial conviction. So, unless the court has any questions on any of the other issues in the case, we respectfully request that the court affirm the trial court's judgment. Thank you, counsel. Mr. Brown, you have some rebuttal time. Please proceed. I'll be brief, Your Honors. I appreciate your consideration. I agree with Judge Sorrento. This is really not a case of issue preclusion, and I know this case has had a fairly extensive history, but by and large, this is a case about fundamental principles of constitutional rights in a criminal proceeding. More specifically, if this court accepts the government's position, it will essentially create a pocket of criminal law within the military justice system that virtually has no opportunity for judicial appellate review of potential due process cases. When you think about it, Luke West was incarcerated for 30 days and he could have been incarcerated for 11 months and 30 days and he's still under the current system, as the government would argue it, would have no recourse to present his claims to a judicial tribunal under those circumstances other than a referral, a referral to a judicial tribunal. The only thing he can do now, according to the government, is try and meet the near impossible Matias Bowling standards. When you look at this record, I think we've actually met that standard, but respectfully, this case speaks volumes not only to the abuses, but to the attitude of the Judge Advocate General's office in handling this case. They have acted, when you look at this record, they have acted like an agency that thinks that they are completely unaccountable for their actions. Your Honors, this is not how we should handle review violations of these types of cases or violations of rights for our military members. They deserve better. This court is not legally constrained from providing remedy here. The UCMJ does provide for the establishment of jurisdiction for military judicial review upon the referral from the Judge Advocate General's office. 1491A2 provides for the court of claims to remain this case to order the Judge Advocate General's office to establish that jurisdiction. The military jurisprudence reflects a high interest in addressing potential undue influence in military sexual assault cases just like this case. And the Judge Advocate General's office was clearly wrong on the law and was arbitrary and capricious in its decision to affirm this conviction. This court should at a minimum reverse the decision of the court below and direct the court of claims to order the Judge Advocate General's office to refer this case to the Navy Marine Corps Court of Criminal Appeals for further appellate review. And with that, unless the court has any questions, that concludes my presentation. We thank both counsel for their argument. This case is taken under submission.